# In the United States Court of Federal Claims

## OFFICE OF SPECIAL MASTERS
Filed: February 13, 2018

```
* * * * * * * * * * * * * * * * * * * * * * * * *
BREANNA WHITE,                          *
                                        *       No. 17-1211V
                   Petitioner,          *       Special Master Sanders
v.                                      *
                                        *       Dismissal; Insufficient Proof;
SECRETARY OF HEALTH                     *       Influenza ("Flu") Vaccine; Meningococcal
AND HUMAN SERVICES,                     *       Vaccine; Menactra; Guillain-Barré
                                        *       Syndrome ("GBS")
                   Respondent.          *
* * * * * * * * * * * * * * * * * * * * * * * * *
```

Lawrence J. Disparti, Disparti Law Group, Holiday, FL, for Petitioner.
Darryl R. Wishard, United States Department of Justice, Washington, DC, for Respondent.

## DECISION[1]

On September 7, 2017, Breanna White ("Petitioner") filed a petition[2] pursuant to the National Vaccine Injury Compensation Program ("Vaccine Program").[3] 42 U.S.C. §§ 300aa-10 to -34 (2012). Petitioner alleged that she suffered from Guillain-Barré Syndrome as a result of "quadrivalent influenza and/or menactra vaccinations received on September 8, 2014." Pet. at 1, ECF No. 1. The information in the record, however, does not show entitlement to an award under the Program.

On February 13, 2018, Petitioner moved for a decision dismissing the petition. Pet'r's Mot.

---

[1] This decision shall be posted on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). In accordance with Vaccine Rule 18(b), a party has 14 days to identify and move to delete medical or other information that satisfies the criteria in § 300aa-12(d)(4)(B). Further, consistent with the rule requirement, a motion for redaction must include a proposed redacted decision. If, upon review, the undersigned agrees that the identified material fits within the requirements of that provision, such material will be deleted from public access.

[2] Petitioner was *pro se* when she filed her petition. *See* ECF No. 1. Attorney Lawrence Disparti was substituted in as counsel for Petitioner on November 11, 2017. *See* ECF No. 9.

[3] National Childhood Vaccine Injury Act of 1986, Pub L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

to Dismiss, ECF No. 20. In the motion, Petitioner conceded that "she will be unable to prove that she is entitled to compensation in the Vaccine Program." *Id.* at 1. Petitioner filed the motion without opposition from Respondent. *Id.* at 2.

To receive compensation under the Program, Petitioner must prove either (1) that she suffered a "Table Injury"—i.e., an injury falling within the Vaccine Injury Table—corresponding to the vaccination, or (2) that she suffered an injury that was actually caused by a vaccine. *See* §§ 13(a)(1)(A), 11(c)(1). An examination of the record did not uncover any evidence that Petitioner suffered a "Table Injury." Further, the record does not contain persuasive evidence that her alleged injuries were caused by either of the vaccines that she received.

Under the Act, petitioners may not be given a Program award based solely on their claims alone. Rather, the petition must be supported by medical records or the opinion of a competent physician. § 13(a)(1). In this case, the medical records are insufficient to prove Petitioner's claim, and Petitioner has not filed a supportive opinion from an expert witness. Therefore, this case must be **dismissed for insufficient proof. The Clerk shall enter judgment accordingly.**

**IT IS SO ORDERED.**

s/Herbrina D. Sanders
Herbrina D. Sanders
Special Master